## Case No. 14,527.

### UNITED STATES v. BARR.

[4 Sawy. 254; 9 Chi. Leg. News, 308; 15 Alb.
Law J. 472; 23 Int. Rev. Rec. 193.] 1

District Court, D. Oregon. May 18, 1877.

CRIMINAL LAW—REPEAL OF STATUTE—PRIOR VIO-
LATION—HAVING POSSESSION OF
COUNTERFEIT COIN.

1. Under section 13 of the Revised Statutes, the repeal of an act defining a crime and its punishment does not prevent the prosecution and conviction of a party for the prior violation thereof.

[Cited in U. S. v. Van Vliet, 23 Fed. 35.]

[Cited in Cincinnati, S. & C. R. Co. v. Belt, 35 Ohio St. 481.]

2. A statute is repealed by the enactment of another repugnant to it, or one covering the whole subject of the former.

[Cited in U. S. v. Nelson, 29 Fed. 206; U. S. v. Warwick, 51 Fed. 281.]

[Cited in People v. McNulty, 93 Cal. 437, 26 Pac. 579, and 29 Pac. 63; Cortesy v. Territory (N. M.) 32 Pac. 505.]

Indictment [against Hugh A. Barr] for having counterfeit coin in possession, knowing the same to be false. Motion in arrest of judgment.

Rufus Mallory, for the United States.

William H. Effinger, for defendant.

DEADY, District Judge. By the indictment in this case the defendant is accused on January 8, 1877 (1) of having in his possession one hundred pieces of counterfeit coin made in the resemblance of American silver half-dollars; knowing the same to be false and counterfeit; (2) of uttering and passing such coin; and (3) of attempting to utter and pass the same with like knowledge, contrary to section 5457 of the Revised Statutes.

On the trial the jury found the defendant guilty of the first charge, and the district attorney then dismissed the indictment as to the second and third.

A motion is now made in arrest of judgment, because it appears that on January 16, 1877, said section 5457 was amended so as to provide that the having of counterfeit coin in possession with knowledge of its character is not a crime, unless such possession is also accompanied "with an intent to defraud."

The motion is based upon the well known rule announced in The General Pinkney, 5 Cranch [9 U. S.] 283, by Chief Justice Mar-

---

1 [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission. 15 Alb. Law J. 472, contains only a partial report.]

shall: "That after the expiration or repeal of a law, no penalty can be enforced, nor punishment inflicted, for violations of the law committed while it was in force, unless some special provision be made for that purpose by statute." And again stated by Mr. Justice Field in U. S. v. Tyner, 11 Wall. [78 U. S.] 95: "There can be no legal conviction, nor any valid judgment pronounced upon conviction, unless the law creating the offense be at that time in existence." To the same effect see U. S. v. Mann [Case No. 15,718]; Anon. [Id. 475]; Norris v. Crocker, 13 How. [54 U. S.] 440; Insurance Co. v. Ritchie, 5 Wall. [72 U. S.] 544; Ex parte McCardle, 7 Wall. [74 U. S.] 514; U. S. v. Six Fermenting Tubs [Case No. 16,296]; U. S. v. Finlay [Id. 15,099].

The section in force when the act which is charged in this indictment as a crime was committed having been superseded by the amended one of January 16, 1877 [19 Stat. 223], no prosecution can be maintained against the defendant on account of it, unless the statute has specially so provided. The mere fact of having counterfeited coin in possession, although with a knowledge of its character, is no longer a crime. It must be accompanied with an actual intent to defraud. It is admitted that no provision has been made by the act amending section 5457 for the prosecution of crimes committed under it. But section 13 of the Revised Statutes contains a general rule on the subject which meets and covers the case at every point. It provides: "The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture or liability." The "liability" of the defendant for the act charged in the indictment consisted in his being bound or subject to punishment for it. as provided in said section 5457; and this liability was "incurred," met with, or run against, when such act was committed, namely: January 8, 1877. Section 13, supra, declares that the substitution or repeal of section 5457 shall not have the effect to "extinguish" this liability, which is equivalent to declaring what the same section further on specifically provides, that said section 5457 shall, for the purposes of this prosecution, be considered still in force.

Counsel for the defendant makes the point that the act of January 16, 1877, which provides that section 5457 of the Revised Statutes "be and the same is hereby amended so as to read as follows," does not repeal said section 5457, and, therefore, the case is not within the saving power of section 13, supra. True, the word "repeal" is not used in the act, but the declaration that a particular section of a statute "is hereby amended so as to read as follows"—followed by such section as amended, whether by addition or omission, has become the recognized and proper legislative formula for substituting one section for another; and any substitution of one provision of a statute for another, whether directly, as here, or by implication, as on account of the repugnancy between them, is so far a repeal of the latter.

The rule on this subject is expressed by Mr. Justice Field in U. S. v. Tyner, supra, as follows: "When there are two acts upon the same subject, the rule is to give effect to both if possible. But if the two are repugnant in any of their provisions, the latter act, without any repealing clause, operates, to the extent of the repugnancy, as a repeal of the first; and even where two acts are not in express terms repugnant, yet if the latter act covers the whole subject of the first, and embraces new provisions, plainly showing it was intended as a substitute for the first act, it will operate as a repeal of that act." Norris v. Crocker, supra.

The provision in the amended section 5457, defining the crime of having counterfeit coin in possession, is certainly repugnant to that in the old one, because it requires that such possession shall be accompanied with intent to defraud. Therefore, the old section is, so far as the crime in this case is concerned, repealed. Again, the new section covers the whole subject of the old, with the addition of this provision, thereby plainly showing that it was intended as a substitute for the latter, and therefore it operates as a repeal of the whole thereof. Besides, this argument proves too much; for if section 5457 has not been repealed by the act of January 16, 1877, it is still in force, and there is no cause to arrest a judgment upon the verdict of guilty in this case under it.

This section 13 is a salutary provision, and if it, or something like it, had always been incorporated in the statutes of the states and the United States, it would have prevented many a lame and impotent conclusion in criminal cases, in which the defendant escaped punishment because the legislature, in the hurry and confusion of amending and enacting statutes, had forgotten to insert a clause to save offenses and liabilities already committed or incurred from the effect of express or implied repeals.

But the wisdom of this change of the law concerning the crime of having counterfeit coin in possession. is more than questionable. It will operate principally to protect counterfeiters and utterers of counterfeit coin in the making and circulation of false money as true. The possession of counterfeit coin in any considerable quantity, with the knowledge of its character, is almost incompatible with innocence, and in any case is dangerous to the community. Such possession may be innocent. but it is not likely, and it can scarcely be useful except in the commission of a crime. Upon this ground

it ought to be prohibited and punished, like the sale of unlabeled poisons and the transport and custody of inflammable and explosive substances, except under conditions and precautions prescribed by law. It is sufficient if a party charged with such possession is allowed to prove that it was innocent, by showing that it was had without intention to injure or defraud any one.

The motion is disallowed.

[Defendant was then sentenced to two years' imprisonment in the penitentiary of Oregon.] [2]